IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                          Civil Action No. **3:17CV41**

**FOXMORE PROCESS SERVERS,** *et al.*,

    Defendant.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994).

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Complaint

The action proceeds on Prasad's Particularized Complaint ("Complaint," ECF No. 11.) In her Complaint, Prasad essentially alleges that Foxmore Process Servers and its owners, Michael Foxmore and Jessica Mazza, failed to serve "warrants" that she faxed to them, resulting in her being jailed. (Compl. 1.) Specifically, Prasad states:[2]

> I worked as a paralegal for a law firm that utilized Foxmore Process Servers and they were well known and very dependable—so when I filed all of my paperwork for my custody case I used them as well. I had no problem with my earlier paperwork—dealing directly with [Jessica[3]] and Michael Foxmore—

---

[2] The Court corrects the capitalization and punctuation in quotations from Prasad's Complaint. The Court also omits the emphasis from Prasad's submissions, as well as any internal numbering in the recitation of Prasad's claims.

[3] In the heading of her Particularized Complaint, Prasad crossed out the name "Rebecca" and replaced it with "Jessica Mazza." (*See* Compl. 1.) However, in the facts section of her Complaint, Prasad sporadically includes "Rebecca" where the Court presumes she intends to say "Jessica." (*See id.*) Further, Prasad has crossed out "Rebecca" and replaced it with "Jessica" in her claims for relief. (*See id.* at 1–3.) Therefore, the Court assumes Prasad intends to only bring the action against Jessica Mazza, and has replaced "Rebecca" with "Jessica" in the facts section

3

the owners—who billed me directly and I paid the bill. I filed another case ... [and] had warrants. [The warrants] were faxed and confirmed (faxed several times) that never got served and Jessica gave me the run-around for [two] years on the issue. I was subsequently jailed because the warrants were not served, and suffered damages and Michael and [Jessica] still did nothing and claimed they couldn't retrieve or find the warrants but the Court says they have them.

(Compl. 1.) From what the Court can discern, Prasad's claims for relief are:

Claim One: "Jessica and Michael did not follow appropriate legal procedures [and] laws of process servers. They did not confirm my order that was placed in a timely manner [and] I had to wait weeks in order to check up on order[s]—hindering my due process—as a paralegal, I often ha[d] other things to do." (*Id.*)

Claim Two: "[The] 5th Amendment[4] [was] violated by Jessica and Foxmore (Michael)—I was jailed [because] of the non-delivery of these warrants [and] the actions of these people against me (criminally) causing undue stress—and I have a disability (disabilities), PTSD, etc. . . ." (*Id.* at 2.)

Claim Three: "[The] 13th Amendment[5] was violated and] bias of working with Prasad before, Foxmore did not do their duty. . . . They did not do their duty to [the] best of [their] ability and felt they could slack on [the] job. When Prasad was incarcerated they used this position against her as being jailed to deny her further rights and justices." (*Id.*)

Claim Four: "Jessica [and] Michael Foxmore, due to their actions, denied Prasad due process legally. Because none of [the] documents were delivered at all due process was not performed." (*Id.*)

Claim Five: "Jessica [and] Michael Foxmore, due to their actions, denied Prasad due diligence. Because none of [the] documents/warrants were delivered at all due diligence was hindered." (*Id.* at 3)

---

of her Complaint. However, even assuming Prasad intends to include "Rebecca" in her Complaint, for the reasons stated herein, she fails to state a claim against her.

[4] No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[5] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

Claim Six: "Jessica [and] Michael Foxmore, due to their actions, denied Prasad 14th Amendment equal protection of law and fairness.[6] Because none of [the] documents/warrants were delivered at all Prasad could not [receive] a fair hearing or fair trial . . . ." (*Id.*)

Claim Seven: "Michael Foxmore . . . had me refax on [the] landline [and] confirmed— but still didn't send . . . ." (*Id.*)

Prasad contends such actions violated "consumer rights" under Va. Code Ann. § 8.01– 228 to 8.01–256 [7] and Va. Code Ann. § 59.1–196.[8] (*Id.*) Prasad seeks injunctive relief as well as monetary damages. (*Id.* at 4.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Prasad's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

#### A. Prasad Fails to State a Claim under 42 U.S.C. § 1983 against Foxmore Process Servers

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in*

---

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[7] It is unclear what consumer protection rights Prasad intends to cite. The Virginia Code sections Prasad cites states the applicable statutes of limitations for various actions in Virginia. *See* Va. Code § 8.01–228 to 8.01–256 (West 2018).

[8] Va. Code Ann. § 59.1–196 to 59.1–207 recites the Virginia Consumer Protection Act. *See* Va. Code Ann. § 59.1–196 to 59.1–207 (West 2018).

5

*Roanoke Valley*, 145 F.3d 653, 658 (4th Cir.1998) (citing 42 U.S.C. § 1983). Generally, only "persons" may act under color of state law. Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Nevertheless, an artificial person, such as a corporation, may be liable under 42 U.S.C. § 1983 when the corporation is both acting under color of state law and enforcing an unconstitutional policy or custom. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999). Stated simply, "a private corporation [who acts under color of state law] is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Id.* at 728 (citations omitted).

In the present action, Prasad faults Foxmore Process Servers, and its owners, for failure to serve "warrants." (Compl. 1.) However, even assuming that Foxmore Process Servers acted under color of state law, Prasad has in no way identified an unconstitutional policy or custom enforced by Foxmore Process Servers. Instead, Prasad presumably seeks to hold Foxmore Process Servers liable under a theory of *respondeat superior* for the actions of Michael Foxmore and Jessica Mazza. But a private corporation is not liable under § 1983 when liability is predicated solely upon a theory of *respondeat superior*. *Austin*, 195 F.3d at 728. Therefore, because Prasad has alleged no facts for the Court to infer an unconstitutional policy or custom, she has failed to state a claim against Foxmore Process Servers under 42 U.S.C. § 1983. *See*

*Kinard v. City of Greenville*, No. 6:10–3246–TMC, 2012 WL 1340103, at *4 (D.S.C. Apr. 18, 2012) (dismissing 42 U.S.C. § 1983 claim against corporate defendant where the plaintiff did "not identify a specific policy or custom" of the corporation or "allege a direct causal link between that policy and his injuries" (citing *Walker v. Prince George's Cty.*, 575 F.3d 426, 431 (4th Cir. 2009))). The action against Foxmore Process Servers will be DISMISSED for failure to state a claim and as legally frivolous.

### B. Prasad Fails to State a Claim under 42 U.S.C. § 1983 against Michael Foxmore and Rebecca Mazza

As discussed below, Prasad's § 1983 claims against Michael Foxmore and Jessica Mazza fail because even assuming that Foxmore and Mazza acted with the requisite state action, *see Wilkins v. Rogers*, 581 F.2d 399, 405 (4th Cir. 1978) (citation omitted), Prasad does not allege facts upon which this Court can infer a constitutional violation.

#### 1. Fourteenth Amendment Due Process

Throughout her Complaint, Prasad asserts that she was denied "due process" by Michael Foxmore and Jessica Mazza. (*See* Compl. 1–2.) Although Prasad asserts her due process claims under both the Fifth and Fourteenth amendments, because Prasad brings this action under 42 U.S.C. § 1983, Prasad's allegations are properly analyzed under the Fourteenth Amendment alone. *See, e.g., Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (citation omitted) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'") Prasad has failed to allege facts that allow this Court to infer a violation of her Fourteenth Amendment rights.

7

To raise a procedural due process claim under the Fourteenth Amendment, a plaintiff must allege "(1) a cognizable 'liberty' or 'property' interest; (2) the deprivation of that interest by 'some form of state action'; and (3) that the procedures employed were constitutionally inadequate." *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988)). The Court's inquiry begins with "whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) (citations omitted). "A liberty interest may arise from the Constitution itself" or "from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted).

Prasad contends that Michael Foxmore and Jessica Mazza failed to serve "warrants" associated with a case she filed. (Compl. 1.) Prasad further alleges that she "faxed" the warrants to the Defendants "several times" and because the "warrants" were not served, she was jailed. (*Id.*) Prasad has included with her Complaint a letter from the Chief Deputy Clerk of the Circuit Court of Chesterfield County, Virginia informing her that "[s]ince the warrants [Prasad] reference[s] are criminal in nature," the Clerk forwarded Prasad's Circuit Court correspondence to her attorney. (Compl. Attach 1, at 1, ECF No. 11–1.) Prasad handwrote on the Clerk's letter that the "Court still has warrants to serve, yet Foxmore [did not] pick them up." (*Id.*)

Assuming that Prasad intends to argue that Michael Foxmore and Jessica Mazza failed to pick up and serve criminal warrants on another person, such failure does not amount to a violation of Prasad's constitutional rights. Prasad has no constitutional right to, or any judicially cognizable interest in, the prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Further, any assertion by Prasad that Michael Foxmore and Jessica Mazza

8

failed to serve a criminal warrant is without merit because both arrest and search warrants are only issued to and executed by law enforcement. *See* Va. Code Ann. § 19.2–56 (West 2018); *id.* § 19.2–76. Therefore, Prasad's procedural due process claim that Michael Foxmore and Jessica Mazza failed to serve criminal warrants will be DISMISSED for failure to state a claim and as legally frivolous.

However, in Virginia, a "warrant" may also be utilized in the initiation of a civil action. *See id.* § 16.1–79. Therefore, the Court also construes Prasad to allege that Michael Foxmore and Jessica Mazza's failure to serve civil warrants violated her procedural constitutional right to due process. Prasad alleges that she filed a case and retained Michael Foxmore and Jessica Mazza to serve the warrants. (Compl. 1.) Prasad further contends that because Michael Foxmore and Jessica Mazza failed to serve the warrants, she was jailed. (*Id.*) The Court thus construes Prasad to allege she had a liberty interest in remaining free from incarceration with which Foxmore and Mazza interfered.

Prasad has failed to state a violation of her constitutional right to due process because it is legally impossible for a private plaintiff in a civil action to be jailed solely for the failure of a process server to properly serve a defendant. At most, Prasad has alleged that Michael Foxmore and Jessica Maza failed to adhere to the Virginia Code for Civil Remedies and Procedure, which details how service of process for civil suits is to be made. *See* Va. Code Ann. § 8.01–285 to § 8.01–327. But "[p]rocedural protections, standing alone, even if clearly mandated by state law, do not create a liberty interest in either the procedures themselves or the substantive result they purportedly protect." *Holmes v. Cooper*, 872 F. Supp. 298, 302 (W.D. Va. 1995) (citing *Stewart*

9

*v. Bailey*, 7 F.3d 384, 392 (4th Cir. 1993)). Therefore, Prasad has failed to state a Fourteenth Amendment claim against Michael Foxmore and Jessica Mazza.[9]

## 2. **Fourteenth Amendment Equal Protection**

Prasad briefly asserts that Michael Foxmore and Jessica Mazza denied her "equal protection of laws." (Compl. 3.) Prasad states, "Jessica and Michael Foxmore, due to their actions, denied Prasad 14th Amendment equal protection of law [and] fairness. Because none of [the] documents/warrants were delivered at all Prasad could not [receive] a fair hearing or fair trial . . . ." (Compl. 3.) "To succeed on an equal protection claim, a plaintiff must first demonstrate that he [or she] has been treated differently from others with whom he [or she] is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Prasad does not allege facts that indicate she was denied equal protection. Prasad has not identified an individual with whom she was similarly situated but who was treated differently. Further, Prasad "pleads no facts that, even construed liberally, could support an inference that any unequal treatment stemmed from discrimination." *Willoughby v. Virginia*, No. 3:16CV784,

---

[9] Prasad also has failed to state a substantive due process claim against Michael Foxmore and Jessica Mazza. "In order to state a claim for a substantive due process violation under § 1983 a plaintiff must show that the defendant's conduct 'shocks the conscience.'" *Cruden v. Brinkley*, No. 98–1224, 1999 WL 152597, at *3 (4th Cir. Mar. 22, 1999) (quoting *Temkin v. Frederick Cty. Com'rs*, 945 F.2d 716, 723 (4th Cir. 1991)). The United States Court of Appeals for the Fourth Circuit has emphasized that the protections of substantive due process extend only to "state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Rucker v. Harford Cty.*, 946 F.2d 278, 281 (4th Cir. 1991) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Prasad's allegations that Michael Foxmore and Jessica Mazza failed to serve "warrants" do not constitute a violation of substantive due process as a matter of law. The record does not contain any allegation from which a reasonable factfinder could conclude that Foxmore and Mazza engaged in conscience-shocking conduct.

10

2017 WL 4171973, at *5 (E.D. Va. Sept. 20, 2017). Therefore, Prasad's Fourteenth Amendment Equal Protection claim against Michael Foxmore and Jessica Mazza will be DISMISSED for failure to state a claim and as legally frivolous.

### 3. Thirteenth Amendment

Prasad also alleges that Michael Foxmore and Jessica Mazza violated the Thirteenth Amendment. (Compl. 2.) Specifically, in her claims for relief, Prasad states,

> [the] 13th Amendment [was violated and] bias of working [with] Prasad before, Foxmore did not do their duty. . . . They did not do their duty to [the] best of [their] ability [and] felt they could slack on [the] job. When Prasad was incarcerated they used this position against her as being jailed to deny her further rights [and] justices.

(*Id.*)

Prasad's Complaint contains no factual allegations indicating that Michael Foxmore or Jessica Mazza enslaved her or that she was subject to involuntary servitude. Rather, Prasad alleges that Foxmore and Mazza demonstrated "bias" against her because she had previously retained their services, and they failed to do their job to the best of their abilities. (*Id.*) Such allegations do not amount to a violation of the Thirteenth Amendment. *See Williams v. Michigan*, No. 01-10131-BC, 2002 WL 1041334, at *4 (E.D. Mich. Apr. 29, 2002) (citation omitted) ("In order to implicate the Thirteenth Amendment, [an] employer's actions must provide the employee with no choice other than to work involuntarily."), *aff'd*, 52 F. App'x 723 (6th Cir. 2002). Accordingly, Prasad's Thirteenth Amendment claims against the Defendants will be DISMISSED for failure to state a claim and as legally frivolous.

### 4. State Law Claims

Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In

light of the Court's dismissal of all of Prasad's federal claims, the Court declines to exercise its discretion to retain her state law claims. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990).

## IV. Conclusion

For the foregoing reasons, Prasad's federal claims will be DISMISSED for FAILURE TO STATE A CLAIM and as LEGALLY FRIVOLOUS. Prasad's state law claims will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: MAY 0 9 2018
Richmond, Virginia