IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                            Civil Action No. **3:17CV41**

**FOXMORE PROCESS SERVERS,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for review of Prasad's Petitions for Rehearing (ECF Nos. 17, 18). For the reasons set forth below, the Petitions for Rehearing (ECF Nos. 17, 18) will be DENIED.

## I. Procedural History

By Memorandum Order entered on May 31, 2017, the Court directed Prasad to file a particularized complaint. (ECF No. 10.) On June 15, 2017, Prasad filed her Particularized Complaint. (ECF No. 11.) By Memorandum Opinion and Order entered on May 9, 2018, the Court screened the matter pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *Prasad v. Foxmore*

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Process Servers*, No. 3:17CV41, 2018 WL 2144491, at *1–*6 (E.D. Va. May 9, 2018), *aff'd*, 732 F. App'x 210 (4th Cir. 2018), *reh'g denied* (Aug. 28, 2018). The Court dismissed the action for failure to state a claim and as legally frivolous. *Id.* at *6.

After the Court had dismissed the action on May 9, 2018, the Court received an Amended Complaint (ECF No. 14) from Prasad. On May 17, 2018, the Court received a Notice of Appeal from Prasad. (ECF No. 15.) On May 18, 2018, Prasad filed her Petition for Rehearing. (ECF No. 17.) On May 21, 2018, the Court received another Petition for Rehearing from Prasad. (ECF No. 18.) On July 24, 2018, the United States Court of Appeals for the Fourth Circuit "reviewed the record and f[ou]nd no reversible error" and affirmed the matter "for the reasons stated by the district court." *Prasad*, 732 F. App'x at 210 (citation omitted).)

## II. Petitions for Rehearing

The Court will construe the Amended Complaint and the Petitions for Rehearing as a motion under Federal Rule of Civil Procedure 59(e). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419

(D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Prasad does not explicitly address any of the above recognized grounds for relief in her submissions. The Court construes Prasad to argue that the Court should grant her Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

In the May 9, 2018 Memorandum Opinion, the Court discussed at length why Prasad claims under the Thirteenth Amendment[2] and Fourteenth Amendment[3] were legally flawed, frivolous, and failed to state a viable claim for relief. *Prasad v. Foxmore Process Servers*, No. 3:17CV41, 2018 WL 2144491, at *3–*6 (E.D. Va. May 9, 2018), *aff'd*, 732 F. App'x 210 (4th Cir. 2018), *reh'g denied* (Aug. 28, 2018). For example, with respect to due process, the Court noted that:

> Assuming that Prasad intends to argue that Michael Foxmore and Jessica Mazza failed to pick up and serve criminal warrants on another person, such failure does not amount to a violation of Prasad's constitutional rights. Prasad has no constitutional right to, or any judicially cognizable interest in, the prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Further, any assertion by Prasad that Michael Foxmore and Jessica Mazza failed to serve a criminal warrant is without merit because both arrest and search warrants are only issued to and executed by law enforcement. *See* Va. Code Ann. § 19.2-56 (West 2018); *id.* § 19.2-76. Therefore, Prasad's procedural due process claim that Michael Foxmore and Jessica Mazza failed to serve criminal warrants will be DISMISSED for failure to state a claim and as legally frivolous.

*Id.* at *4. The Court also construed Prasad to allege that she had a liberty interest in remaining free from incarceration with which Foxmore and Mazza interfered by failing to serve a warrant

---

[2] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

3

for initiating a civil action. *Id.* at *5. The Court concluded that, "Prasad has failed to state a violation of her constitutional right to due process because it is legally impossible for a private plaintiff in a civil action to be jailed solely for the failure of a process server to properly serve a defendant." *Id.* Neither Prasad's Petitions for Rehearing nor the Amended Complaint cure the deficiencies identified by the Court with respect to alleged denial of due process claim. Similarly, neither the Petitions for Rehearing nor the Amended Complaint cure the deficiencies identified by the Court with respect to Prasad's claims that she was denied equal protection and that her rights under the Thirteenth Amendment were violated. Accordingly, Prasad's Petitions for Rehearing (ECF No. 17, 18) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: JAN 1 5 2019
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge